IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph N. Grate, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:23-cv-6551-BHH |
| v. ) | |
| ) | **ORDER** |
| State of South Carolina, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Joseph N. Grate's ("Plaintiff") *pro se* amended complaint against the State of South Carolina, wherein Plaintiff alleges that Defendant deprived him of due process by not adhering to Rule 12(a) of the South Carolina Rules of Civil Procedure in connection with an action filed by Plaintiff in Georgetown County Magistrate Court. (ECF No. 9 at 2.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations.

After reviewing Plaintiff's amended complaint, the Magistrate Judge issued a Report and Recommendation ("Report") on March 27, 2024, outlining the issues and recommending that the Court dismiss this action without prejudice, without issuance and service of process, and without further leave to amend. (ECF No. 11.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. Plaintiff filed objections on April 15, 2024, and the matter is ripe for review. (ECF No. 13.)

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## **DISCUSSION**

In her Report, the Magistrate Judge carefully and liberally outlined Plaintiff's claims and found that this action is subject to summary dismissal for lack of subject matter jurisdiction because the amended complaint does not arise under federal law, 28 U.S.C. § 1331, and diversity jurisdiction does not exist, 28 U.S.C. § 1332. The Magistrate Judge also explained that this Court does not hear "appeals" from state court actions; that the *Rooker-Feldman* doctrine prohibits this Court from sitting in direct review of state court decisions; and that appeals of orders issued by lower state courts must go to a higher state court, not to a federal district court. Additionally, the Magistrate Judge explained that any request for injunctive relief should be summarily dismissed under the Anti-Injunction Act and that, to the extent Plaintiff intends to raise claims under South Carolina law, this court should not exercise supplemental jurisdiction over any state law claims.

In his objections, Plaintiff repeats his claim that the state court violated his due process right and he states that he is not attempting to appeal anything. (ECF No. 13 at 1-2.) He asserts, without any explanation, that the wrong standard of review was applied, and he "objects to the recommendation on the basis that it does not address the issue of this filing; which is: a complaint against the South Carolina judiciary." (*Id.* at 2.)

Importantly, however, nowhere in his objections does Plaintiff specifically object to the Magistrate Judge's findings as to this Court's lack of subject matter jurisdiction. Instead, Plaintiff merely rehashes his claims and asserts, without explanation, that the wrong standard of review was applied. After review, the Court finds no merit to Plaintiff's objections, and the Court agrees with the Magistrate Judge's analysis. Stated plainly, this Court lacks subject matter jurisdiction to consider Plaintiff's claims. Accordingly, the Court hereby adopts the Magistrate Judge's Report and dismisses this action without prejudice. *Platts v. O'Brien*, 691 F. App'x. 774 (4th Cir. 2017) (citing *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands*, LLC, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for . . . [a] defect in subject matter jurisdiction[] must be one without prejudice because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.")).

## CONCLUSION

Based on the foregoing, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 11); the Court overrules Plaintiff's objections (ECF No. 13); and the Court dismisses this action without prejudice, without issuance and service of process, and without further leave to amend.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

May 13, 2024
Charleston, South Carolina